McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA         2903-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  akiba@m4law.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Albert Hamamoto, Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Daniel Tom, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Melvin Fujii, Clifford Resacio, Russell Young and Keith Hirota; *Apprenticeship & Training Fund by its trustees* James Ramirez, Russell Ogata, Conrad Murashige, Robert Donle, Ron Taketa, Dante Agra, Sidney Shimokawa, Lance Yoshimura, Dean Takahashi and Russell Hiranaka; *Vacation & Holiday Fund by its trustees* James Watanabe, James Ramirez, Gerard Sakamoto, Paul Sasaki, Jiggs Tamashiro, Tim Kawana, Jon | CIVIL NO. CV 08-0033 JMS-KSC<br><br>FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT JACK IT UP BUILDERS, INC.<br><br>Hearing:<br><br>Date : April 1, 2008<br>Time: 9:30 a.m.<br>Judge: Kevin S. C. Chang<br><br><br>TRIAL DATE: None |

Tesoro, Mel Fujii, Curtis Kern,          )
Patrick Borge, Sr. and Lloyd             )
Kupau, Jr.; *Market Recovery*            )
*Program by its trustees* Thalia         )
Choy, Alan Shintani, Steven              )
Hidano, Claude Matsumoto,                )
Gerard Sakamoto, Ronald Taketa,          )
Mark Kapahu, Albert Belliveau,           )
Glenn Young, Jason Orita and             )
Randy Perez; *Financial Security*        )
*Fund by its trustees* Gordon L.         )
Scruton, Lance Wilhelm, Conrad           )
Murashige, Kenneth Sakurai,              )
Bruce Soileau, Ralph Yackley,            )
Loyce C. Morris, Ronald Taketa,          )
James Watanabe, Kenneth                  )
Spence, Rockwell Rogers, Jr., Jack       )
Reeves and Kealii Flood; *Retiree*       )
*Medical Fund by its trustees* Henry     )
Iida, Albert Hamamoto, Audrey            )
Hidano, Glen Kaneshige, Paul C.K.        )
Chang, Elmer Cabico, Ronald              )
Taketa, Tim Kawana, Thomas               )
Toma, Daniel Tom, Russell Young,         )
Clifford Respicio, Keith Hirota and      )
Miles Hokama; *401-K Fund by its*        )
*trustees* Gordon Scruton, Conrad        )
Murashige, Kenneth Sakurai,              )
Lance Wilhelm, Bruce Soileau,            )
Loyce C. Morris, Ronald Taketa,          )
Ralph Yackley, James Watanabe,           )
Brian Hedge, Kenneth Spence,             )
                                         )
Rockwell Rogers, Jr. and Kealii B.
Flood,                                   )
                                         )
                    Plaintiffs,          )

2

vs.                                    )
                                       )
JACK IT UP BUILDERS, INC.;             )
JOHN DOES 1-100; JANE DOES             )
1-100; DOE CORPORATIONS 1-             )
100; DOE PARTNERSHIPS 1-100;           )
DOE ENTITIES 1-100; DOE                )
GOVERNMENTAL UNITS 1-100,              )
                                       )
            Defendants.                )
180827v1                               )
                                       )
_____        )
                                       )
                                       )
                                       )

FINDINGS AND RECOMMENDATION TO ENTER
DEFAULT JUDGMENT AND AWARD DAMAGES
AGAINST DEFENDANT JACK IT UP BUILDERS, INC.

On January 22, 2008, Plaintiffs, trustees of the Hawaii

Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or

"Trust Funds"), by and through their attorneys, McCorriston Miller

Mukai MacKinnon LLP, filed this action for damages against

Defendant Jack It Up Builders, Inc. (hereinafter "Defendant"),

alleging that Defendant materially breached its collective bargaining

and trust agreements (hereinafter referred to as the "CBA") entered

into by Defendant and the United Brotherhood of Carpenters and

Joiners of America, Local 745, AFL-CIO (hereinafter referred as the

"Union"). The Trust Funds' claim that Defendant failed to contribute

3

and pay to the Trust Funds certain employee benefit contribution

arising from work performed by Defendant's covered employees,

which amounts should be paid to the Trust funds on or before the

due dates as specified in the CBA and disclosed by an audit of

Defendant's payroll records conducted in accordance with the terms

of the CBA.

Jurisdiction of this Court is based on the Labor-Management

Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and

the Employee Retirement Income Security Act of 1974 ("ERISA"), as

amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on January 25,

2008 as is evidenced by the Return of Service filed herein on

January 28, 2008.  The clerk entered default against Defendant on

February 19, 2008.

On February 25, 2008, the Trust Funds filed a motion for

default judgment against Defendant, seeking to recover a money

judgment in the sum of Six Thousand Fifty Dollars and 75/100

dollars ($6,050.75), inclusive of liquidated damages and per diem

interest through February 25, 2008 with additional per diem

interest until satisfaction of judgment, and attorneys' fees in the

amount of $1,402.50, and costs in the amount of $538.80 to date, with an additional amount of attorneys' fees totaling $200.00, plus general excise tax of $9.42 for the drafting of the motion for default, attendance at the hearing for the motion for default and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees.  The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D).  On March 25, 2008 the Supplemental Declaration in Support of Plaintiffs' Motion for Entry of Default Judgment was filed which provided the Court with additional information showing current fees of $1,657.50 and costs of $650.40 to date and seeking additional attorney fees and costs for attendance at the hearing on the motion and finalization of an order and judgment.

The Trust Funds' Motion for Default Judgment by Court came on for hearing on April 1, 2008 before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant.  Lorraine H. Akiba appeared on behalf of the

Trust Funds.  Defendant failed to appear and/or respond to the

Trust Funds' Motion for Default Judgment.

## **FINDINGS**

Having reviewed the Trust Funds' Motion for Default

Judgment, the attached declaration of Lorraine H. Akiba, and the

exhibits thereto, on behalf of the Trust Funds, and the record

established in this action, this Court finds as follows:

1.     At all times material herein, each of the above-named

Trust Funds was, and now is, an employee benefit plan organized

and existing under the laws of the United States and whose

principal offices are in the City and County of Honolulu, State of

Hawaii.  At all times herein mentioned, each of the above-named

Trust Funds was, and now is, an express trust created by a written

trust agreement subject to and pursuant to Section 302 of the

Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-

employer employee benefit plan within the meaning of the Employee

Retirement Income Security Act (29 U.S.C. § 1002).

2.     Defendant Jack It Up Builders, Inc. P. Lee, is a Hawaii

corporation doing business in the State of Hawaii.

3.     On or about April 10, 2006, Defendant made, executed and delivered to the Union, a certain written collective bargaining agreement, effective September 1, 2002, and amended and effective to and including August 31, 2009 entitled "Certification of Receipt and Acceptance Master Agreement covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "B" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Special Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4.     Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.     In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.     In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7.     In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

8.     Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

9.    Based on Defendant's reports submitted for the period June 2006 through January 2007, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated damages as follows:

> Delinquent trust fund contributions for period
> January 2007  . . . . . . . . . . . . . . . . . . . . . . . .  $129.60
>
> Liquidated damages for period June 2006
> through January 2007 . . . . . . . . . . . . . . . . .  $5,921.15
>
> TOTAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . $6,050.75

together with additional interest at a per diem rate of twelve percent (12%) until judgment and such further amounts as may be proven at trial or hearing on proof.

10.    Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions and liquidated damages arising from unaudited hours worked before the end of January 2007.

11.    Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

12.   Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

13.   The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after January 2007.

14.   As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary." 29 U.S.C. § 1132(e)(1).

15.   An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1132 and 1145.

16.   This Court reviewed the billing records of Plaintiffs' counsel and the declarations filed with Plaintiffs' motion. Upon said review, this Court finds attorneys' fees in the amount of $1,657.50, and costs in the amount of $650.40 to date, with an additional amount of attorneys' fees totaling $510.00, plus general excise tax of $24.03 for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter to be reasonable, necessarily incurred, and directly related to the services provided herein.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment in favor of Plaintiffs Trustees of the Hawaii Carpenters Trust Funds and against Defendant for the recovery of damages in the amount of $6,051.11, inclusive of liquidated damages and per diem interest through February 25, 2008 until satisfaction of judgment, and attorneys' fees in the amount of $1,657.50, and costs in the amount of $650.40 to date, with an additional amount of attorneys' fees totaling $510.00, plus general excise tax of $24.03 for the attendance at the hearing for the Motion for Entry of Default

Judgment and finalization of the order and judgment thereafter

from the Defendant, without prejudice to the Trust Funds to seek

other and further damages from the Defendant arising from

unaudited hours worked by Defendant's employees both before and

after January 2007.

DATED:  Honolulu, Hawaii, April 7, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

-------------------------------------------------------------------------------------------------------

*Hawaii Carpenters Trust Funds vs. Jack it Up Builders, Inc.,* Civil No. 08-0033 HG*; PROPOSED* FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT JACK IT UP BUILDERS, INC.